UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| KEVIN D. HAYES,<br><br>　　　　　Plaintiff,<br>v.<br><br>S c/o BERGUS, and S c/o KEVIN MCGILL,<br><br>　　　　　Defendants. | Civil Action No.<br><br>2:13-CV-4266-SDW-SCM<br><br>**OPINION AND ORDER ON MOTION TO COMPEL AND FOR SANCTIONS**<br><br>**[D.E. 31, 34]** |

### I. INTRODUCTION

This matter comes before the Court upon plaintiff Kevin D. Hayes' informal motions to compel discovery and impose sanctions (ECF Docket Entry No. ("D.E.") 31, 34). The Honorable Susan D. Wigenton, U.S.D.J., referred the motion to the undersigned for disposition in accordance with Local Civil Rule 72.1(a)(1). There was no oral argument. Upon consideration of the parties' submissions and for the reasons set forth herein, the motion to compel is **denied in part** and reserved in part. The motion for sanctions is denied.

### II. BACKGROUND AND PROCEDURAL HISTORY

This case is brought by plaintiff Kevin D. Hayes, a *pro se* litigant, for excessive force claims during confinement pursuant to 42 U.S.C. § 1983. (D.E. 1). Plaintiff filed his complaint against defendants Basheer Bergus and Kevin McGill on July 9, 2013. (D.E. 1). Defendants are corrections officers. They answered the complaint on November 26, 2014. (D.E. 18).

On December 15, 2014, the Court entered an initial scheduling order. (D.E. 20).[1] The Scheduling Order prescribed the timing for the parties to serve and respond to interrogatories, document demands, and requests for admissions in accordance with Federal Rules of Civil Procedure 33, 34, and 36, respectively. (Id. at ¶ 5).

Plaintiff served demands and received defendants' responses and objections on about April 29, 2015. (D.E. 31-1). He complains about the sufficiency of the following: (1) defendants' responses to Interrogatories 7, 9, 11, 18, 19 and 20; (2) defendant McGills' responses to Interrogatories 12, 13 and 19; (3) defendant Bergus' and McGill's responses to Document Demands 1, 3, 4, 10; (4) defendant McGill's responses to Supplemental Document Demands 1 through 5, 9, and 10; (5) defendant Bergus' responses to Requests for Admissions 7, 8, 9, 10, 11, 13, and 14; and (6) defendant McGill's responses to Requests for Admissions 9, 10, 11, and 12.  He filed a motion "for leave to file a Motion in Opposition to Defendants' Answers, Objections and Claims" on June 2, 2015. (D.E. 31).  The motion, however, did not include copies of the requests or responses. See (D.E. 31, 34).

The Court will treat the motion as one to compel more sufficient discovery responses.  Defendants failed to timely respond or oppose the motion.  So, on August 20, 2015, Plaintiff moved for discovery

---

[1] A pretrial order "controls the course of the action unless the court modifies it."  Fed.R.Civ.P. 16(d).  A scheduling order may be "modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).

sanctions. (D.E. 34).  Defendants filed their opposition on August 31, 2015.  (D.E. 37).  Plaintiff replied without leave from the Court on September 14, 2015.[2]  (D.E. 39).

## III. DISCUSSION

### A. § 636, Magistrate Judge Authority

Magistrate judges are authorized by 28 U.S.C. § 636(b)(1)(A) to decide any non-dispositive motion designated by the Court.  This District has specified that magistrate judges may determine any non-dispositive pre-trial motion. L.Civ.R. 72.1(a)(1).  This District has further provided in Local Civil Rule 37.1 that discovery disputes are to be brought to the magistrate judge on an informal basis.  Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### B. **Fed.R.Civ.P. 26(b)(1), Liberal Policy**

The Federal Rules of Civil Procedure set forth "a liberal policy for providing discovery." *Jones v. DeRosa*, 238 F.R.D. 157, 163 (D.N.J. 2006).  Federal Rule of Civil Procedure 26 defines the bounds of relevant discovery.  Fed.R.Civ.P. 26.  Pursuant to subparagraph (b)(1), "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1).  The Federal Rules of Civil Procedure "allow broad and liberal

---

[2] Replies are not permitted on discovery disputes without first obtaining leave from the Court. Local Civil Rule 7.1(d)(3).

3

discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). Courts have interpreted the federal rules to mean that discovery encompasses "any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Kopacz v. Del. River and Bay Auth.*, 225 F.R.D. 494, 496 (D.N.J. 2004).

In interpreting Rule 26(b)(1), district courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990). Accordingly, Rule 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

### 1. **Fed.R.Civ.P. 26(b)(2)(A), Permissible Limits on Discovery**

"Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

### 2. **Fed.R.Civ.P. 26(b)(2)(C), Required Limits on Discovery**

A court must limit discovery if it determines:

(i)  Discovery sought is unreasonably cumulative or can be obtained from more convenient, less burdensome, or less expensive source;

(ii) Party seeking discovery had ample opportunity to obtain the information by discovery in the action;

4

    (iii)    The burden and expense of producing outweighs the likely benefit considering the needs of the case, the amount in controversy, party resources, and the importance of the particular discovery in resolving the issues.

A court may issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to regulate the terms, conditions, time or place of discovery.

3. **Objections To Discovery**

"When a party fails to make disclosure of discovery, the opposing party may file a motion to compel.  When a motion to compel is filed and asks the court to overrule certain objections, the objecting party must specifically show how each discovery request is objectionable."  *Kannaday v. Ball*, 292 F.R.D. 640, 643 (D.Kan. 2013).

    a. **Objections to Relevance**

Relevant information need not be admissible at trial to be discoverable, but the party seeking discovery must "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence."  *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).  That is because the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action.

### b. **Objections Based On Privilege Abandoned**

Rule 26(c) of the Federal Rules of Civil Procedure codifies the court's authority to protect privileged information from disclosure. *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986). Here, defendants have failed to argue the work-product privilege asserted in response to plaintiff's discovery demands.

"Objections initially raised but not supported in the objecting party's response to the motion to compel are deemed abandoned. Similarly, any objections not asserted in the initial response to a discovery request but raised in response to a motion to compel will be deemed waived. If, however, the discovery request seeks information that does not appear facially relevant, the burden is on the movant to demonstrate how the request is not objectionable." *Kannaday v. Ball*, 292 F.R.D. 640, 643 (D.Kan. 2013)(citations omitted).

### C. **Plaintiffs' Requests & Defendants' Responses**

Plaintiff complains about the sufficiency of the following: (1) defendants' responses to Interrogatories 7, 9, 11, 18, 19 and 20; (2) defendant McGills' responses to Interrogatories 12, 13 and 19; (3) defendant Bergus' and McGill's responses to Document Demands 1, 3, 4, 10; (4) defendant McGill's responses to Supplemental Document Demands 1 through 5, 9, and 10; (5) defendant Bergus' responses to Requests for Admissions 7, 8, 9, 10, 11, 13, and 14; and (6) defendant McGill's responses to Requests for Admissions 9, 10, 11, and 12.

1. **Standards for Interrogatories**

Interrogatories are a discovery device designed "to obtain simple facts…." and "can be a simple mode of obtaining the names and addresses of persons having knowledge of pertinent facts, or of securing information about the existence of documentary evidence[.]" *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W.Va. 2010)(quoting Wright, Miller, & Marcus, Federal Practice & Procedure: Civil 3d § 2163).

The recipient of interrogatories must respond "to the fullest extent possible, stating any objections with specificity. Fed.R.Civ.P. 33(b)(3) and(4). The responding party shall use common sense and reason, and hyper-technical, quibbling, or evasive objections will be viewed unfavorably." *Lamon v. Adams*, 2014 WL 309424 (E.D. Cal. 2014)(citing *Collins v. Wal-Mart Stores, Inc.*, 2008 WL 1924935 at 8 (D.Kan. April 30, 2008)).

Though "a responding party generally is not required to conduct extensive research to answer an interrogatory, it must make a reasonable effort to respond." *Lamon*, 2014 WL 309424 (citing *L.H. v. Schwartzenegger*, 2007 WL 2781132 at 2 (E.D.Cal. 2007)). A responding party must supplement its responses if the information sought is later obtained or amend the responses if they require correction. Id. (citing F.R.Civ.P. 26(e)).

Plaintiff complains about the sufficiency of defendant Bergus' responses to Interrogatories 7, 9, 11, 18, 19 and 20. The disputed

7

interrogatories, defendant Bergus' responses, and the Court's ruling on each follows:

> 7. Did this all take place in the corridor where the dental officers are?
>
> ANSWER: Bergus states that the incident in question occurred in the clinic area of the hospital.

The Court finds that this response is sufficient and denies the requested relief.

> 9. Where were you exactly when Mr. Hayes assaulted you?
>
> ANSWER: Bergus states that the incident in question occurred in the clinic area of the hospital.

The Court finds that this response is sufficient and denies the requested relief.

> 11. Are you aware that there are surveillance cameras installed in nearly every area of the main hospital, including the Dental corridor?
>
> ANSWER: Bergus states that I have no personal knowledge of the location of the surveillance cameras located within the hospital at Northern State Prison.

The Court finds that this response is sufficient and denies the requested relief.

> 18. It would be fair to say that the surveillance camera in the dental corridor picked this assault up from start to finish correct?
>
> ANSWER: Bergus states that he has no personal knowledge as to whether or not the altercation that occurred on December 4, 2012, was captured on any surveillance camera.

8

The Court finds that this response is sufficient and denies the requested relief.

> 20. What exactly were you doing to make officer Mylnarz say [that] was enough?
>
> ANSWER: Bergus states that he has no personal knowledge of officer Mylnarz working at Northern State Prison and has knowledge of what the plaintiff is referring to in the above interrogatory.

The Court finds that this response is sufficient and denies the requested relief.

Plaintiff also complains about the sufficiency of defendant McGills' responses to Interrogatories 12, 13 and 19, but did not include the requests or responses in the motion. Therefore, there is nothing for the Court to review and the requested relief must be denied.

2. **Standards for Requests for Production of Documents**

Parties may serve on any other party a demand to produce any designated documents that are in the possession, custody, or control of another party. *Lamon*, 2014 WL 309424 at *4 (citing Fed.R.Civ.P. 34(a)). Documents are within the possession, custody, or control of the recipient if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995). This means that a party must produce documents that have been turned over to an agent, such as its insurer or attorney. See, e.g., *Henderson v. Zurn Industries*, 131 F.R.D. 560, 567 (S.D.Ind.1990). A responding party

9

must supplement its responses if the information sought is later obtained or amend the responses if they require correction. *Lamon*, 2014 WL 309424 at *4 (citing F.R.Civ.P. 26(e)).

Plaintiff complains about defendant Bergus' and McGill's responses to Document Demands 1, 3, 4, and 10. The disputed demands, defendants' responses, and the Court's ruling on each follows:

> 1. The log book located in the [LCP - M] booth for the dates of, November 26, 2012 through to December 11, 2012.
>
> ANSWER: Answering Defendants refer the Plaintiff to the New Jersey Department of Corrections, MD-LCP Log Book, December 4, 2012, Bates-labeled K.HAYES.38 through K.HAYES.41. Answering Defendants further state that the MD-LCP Log Book entries are deemed privileged because disclosure of same would affect the security and operation of the New Jersey Department of Corrections. Please see the attached Privilege log attached hereto.

Defendants' Privilege Log states that the responsive documents are deemed "Confidential due to the security and operation of the NJ Department of Corrections." See (D.E. 37-1 at 28 of 62). Defendant's brief argues the following:

> [t]he prison logbook is confidential because it discloses how prison corrections officers maintain security of the facility. It discloses the location of officers and the actions and methods used by officers responding to certain incidents. Id. It also discloses the method used for counting, the length of time it takes for a count to clear and various mental impressions regarding security. Id. As a result, defendants did not produce the logbook to plaintiff, who is an inmate, due to the confidentiality of the document and because it is privileged. [D.E. 37 at 4 of 7].

10

Defendants took a similar position with regard to SID reports.

> 3. Any and all [SID] official and investigative reports identified reports relating to the incident between SCO Bergus and Mr. Hayes in the hospital area on December 4, 2012.
>
> ANSWER: Answering Defendants refer the Plaintiff to the New Jersey Department of Corrections, Special Investigations Division, Criminal Investigation Report 2 012 -12- 04-004 -NSP, Bates-labeled K.HAYES.35 through K.HAYES37. Answering Defendants further state that the MD-LCP Log Book entries are deemed privileged because disclosure of same would affect the security and operation of the New Jersey Department of Corrections. Please see the attached Privilege log attached hereto.

Defendants' Privilege Log states that the responsive documents are deemed "work product/Confidential". See (D.E. 37-1 at 28 of 62). Defendant's brief argues the following:

> Although this report is confidential and was not produced, defendants produced all documents related to the incident on which SID based its investigative report. Id. These documents include all reports and officers' statements, including statements provided by defendants Bergus and McGill. [D.E. 37 at 4, 5 of 7].

Furthermore, defendants contend "the institution logbook and SID report are not relevant to the incident because plaintiff has been provided with all underlying documents related to the incident."

Defendants confuse cumulative evidence with irrelevant evidence. Relevant information need not be admissible at trial to be discoverable, but the party seeking discovery must "show that the information sought is relevant to the

11

subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). The SID report is obviously relevant to this matter, so that objection is overruled.

Defendant's brief has failed to identify or support any applicable work product privilege applicable to the SID report. Therefore, the objection is deemed abandoned. *Kannaday*, 292 F.R.D. at 643 (objections abandoned).

Defendants shall produce the un-redacted log book located in the [LCP - M] booth for the dates of, November 26, 2012 through to December 11, 2012 and the SID report(s) directly to the undersigned for *in camera* inspection and not file the document on ECF. Defendants shall also file a brief explaining why these documents are protected from disclosure as "confidential" under applicable law. The Court will then determine whether there is a basis to withhold the documents or whether they can be satisfactorily redacted for production to Plaintiff. See *Lamon*, 2014 WL 309424 at *5 (E.D. Cal. 2014)(Court required in camera inspection to determine propriety of production).

> 4. Any and all other documents, items of evidence, or statements relating to the incident, or allegations of Hayes assaulting SCO Basheer Bergus.
>
> ANSWER: Answering Defendants refer the Plaintiff to the New Jersey Department of Corrections, Investigative documents, Bates-labeled K.HAYES.1 through K.HAYES 34, attached hereto.

The Court finds that this response is sufficient and denies the requested relief.

> 10. A copy of the video-tape from the infirmary area where officer Smith worked, and responded from the morning of this incident between officer Bergus and Hayes.
>
> ANSWER: Answering Defendants state that there are no materials responsive to this request known to exist. See, Defendants' response to request for production of documents numbers three and nine, above.

On its face the response appears to be sufficient. Plaintiff contends in his reply that Assistant Essex County Prosecutor Adam Wells "stated that he reviewed the tape…" and Plaintiff concludes that either Mr. Wells or defendants are lying. (D.E. 39 at 2 of 22). However, defense counsel argues that "Plaintiff's unfounded belief that the incident was captured on video is the primary source of his objections to defendants' responses…. The Department of Corrections has confirmed that the only video that exist[s] is the recording that captured plaintiff's escort after the incident." (D.E. 37, Opp. Brief at 1-2). Without more, this recording may be the recording allegedly viewed by Mr. Wells.

If, however, there are video recordings relevant to this case that were not disclosed in initial disclosures or produced in response to discovery demands, sanctions would be warranted.

13

3. **Fed.R.Civ.P. 36, Requests for Admissions**

Federal Rule of Civil Procedure 36(a) applies to this dispute. "The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested." *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). Requests for admissions are not a discovery device. *Harris v. Koenig*, 271 F.R.D. 356, 372 (D.D.C. 2010)("The purpose of requests for admissions is to narrow the scope of issues to be litigated and to thereby expedite the litigation process."). This device is surgical and should be used "to eliminate issues over facts that are not in dispute", not "to obtain discovery of the existence of facts, but rather are intended to establish the admission of facts about which there is no real dispute." *Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States*, 94 Fed.Cl. 413, 416 (Fed.Cl. 2010).

Thus, requests for admission differ from interrogatories. The latter are a discovery device designed "to obtain simple facts, to narrow the issues by securing admissions from the other party, and to obtain information needed in order to make use of the other discovery procedures.... Interrogatories can be a simple mode of obtaining the names and addresses of persons having knowledge of pertinent facts, or of securing information about the existence of documentary evidence[.]" Erie Ins. Property & Cas. Co. v. Johnson, 272 F.R.D. 177, 183 (S.D.W.Va. 2010)(quoting Wright, Miller, & Marcus, Federal Practice & Procedure: Civil 3d § 2163).

14

Plaintiff complains about defendant Bergus' responses to Requests for Admissions ("RFA") 7, 8, 9, 10, 11, 13, and 14. The disputed RFAs state as follows:

> 7. Where exactly did this assault take place in relation to the area of the area of the hospital. Were [SIC] it in the corridor of the dental office?
>
> 8. Would it be fair to say that this assault was caught on the surveillance camera in the area of the dental offices?
>
> 9. Would it be also fair to say that in situations were [SIC] there is a violent situation that occurs and that situation taken place in view of, or under the surveillance of a video camera would it be customary for that tape to be pulled as evidence in any future proceedings as evidence?
>
> 10. The cameras in the dental area of the hospital would have captured Hayes assaulting you, is that correct?
>
> 11. Are these cameras in plain view in their locations in the hospital?
>
> 13. Are you aware of any malfunctions, or any other mechanical issues with the cameras in the hospital on December 4, 2012, or anytime soon thereafter that needed repairs?
>
> 14. If there is some equipment that need [SIC] to be repaired of such importance, you would need to put in a maintenance work order or record the problem somewhere, is that correct?

Obviously, there are real factual disputes here. Plaintiff's RFAs served on defendant Bergus are actually interrogatories and not admissions used to narrow issues for which there is no real dispute. Accordingly, the relief sought is not proper and is denied.

**IV.   CONCLUSION**

The Court is satisfied that the at-issue disputed responses to interrogatory and document demands are sufficient except as noted above.  The Court is also satisfied that the at-issue requests for admissions are improper and not subject to enforcement.  For the foregoing reasons, and good cause shown,

IT IS on this Thursday, September 24, 2015,

1. **ORDERED** that plaintiff's motion to compel is denied except as noted below; and it is further
2. **ORDERED** that Defendants shall produce the New Jersey Department of Corrections, MD-LCP Log Book, December 4, 2012, Bates-labeled K.HAYES.38 through K.HAYES.41 and the New Jersey Department of Corrections, Special Investigations Division, Criminal Investigation Report 2 012 -12- 04-004 -NSP, Bates-labeled K.HAYES.35 through K.HAYES37 directly to the undersigned within 21 days for *in camera* inspection.  The documents shall not be filed on ECF; and it is further
3. **ORDERED** that Defendants shall concomitantly file a brief on ECF explaining why these documents are protected from disclosure as confidential under applicable law; and it is further

4. **ORDERED** that Plaintiff shall have 21 days to oppose the defendants' brief with his own; and it is further ordered that

5. **Service**.  Deputy Attorney General Freeman, counsel for the State defendants, shall serve a copy of this order upon plaintiff within the next seven days.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/24/2015 6:07:34 PM