UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| KEVIN HAYES, | Civil Action No. |
| Plaintiffs, | 2:13-CV-4266-SDW-SCM |
| v. | **OPINION AND ORDER ON DISCLOSURE OF INTERNAL AFFAIRS RECORDS DOCUMENT(S)** |
| SCO BERGUS, et. al., Defendants. | |

STEVEN C. MANNION, United States Magistrate Judge.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

   A. **Factual Background**

This case is brought by plaintiff Kevin D. Hayes ("Mr. Hayes"), a *pro se* litigant, against defendant corrections officers Basheer Bergus and Kevin McGill for claims that the officers subjected him to excessive force while confined at Northern State Prison.[1] Mr. Hayes alleges that on December 4, 2012, he was attempting to get his morning insulin shot at the prison clinic.[2] While in "the clinic and examination room where Nurse Hopkins" was administering the insulin shots and Officer Bergus" was "over-seeing this operation", Mr. Hayes "attempted to hand Officer Bergus the daily pass [movement] sheet, and to

---

[1] (D.E. 1).

[2] (*Id.* at 3).

check" his "blood sugar levels."[3] Officer Bergus and Mr. Hayes then had some words and Mr. Hayes returned to his place in line.[4] Officer Bergus reportedly then ordered Mr. Hayes "to get on the wall."[5] Mr. Hayes was searched and then ordered to leave the clinic.[6] Mr. Hayes did not leave and said that the Officer could not refuse him his insulin.[7]

Officer Bergus then ordered Mr. Hayes "to go get back on the wall."[8] Mr. Hayes partially complied and when the Officer told him to "face the wall", the Officer grabbed his left shoulder, and shoved Mr. Hayes "into the wall using his forearm."[9] Mr. Hayes "turned" to his "left side" and was smacked with the Officer's handheld radio in the mouth.[10] Mr. Hayes then

---

[3] (*Id.* at 3).

[4] (*Id.* at 3).

[5] (*Id.* at 4).

[6] (*Id.* at 4).

[7] (*Id.* at 4).

[8] (*Id.* at 4).

[9] (*Id.* at 4).

[10] (*Id.* at 4-5).

reached out to grab the Officer and was struck again in his face.[11]

Mr. Hayes was then taken to the floor by a responding officer.[12] Officer Bergus then allegedly struck Mr. Hayes repeatedly in the head while Officer Mylnarz yelled for him to stop.[13] It was then that Officer McGill walked over and reportedly kicked Mr. Hayes in the face.[14]

Mr. Hayes was then taken for medical treatment.[15] He sustained a busted lip, a three to four inch "cut down the front of [his] … face", and three puncture wounds on the top of his head.[16] Later that morning, Mr. Hayes made an administrative complaint about the assault and gave a statement to the Special Investigations Division ("SID").[17]

On December 5, 2012, Mr. Hayes was notified of two disciplinary charges against him for assault and disruptive

---

[11] (*Id.* at 5).

[12] (*Id.* at 5).

[13] (*Id.* at 5).

[14] (*Id.* at 6).

[15] (*Id.* at 6).

[16] (*Id.*).

[17] (*Id.*).

conduct.[18]  At hearing was held on December 7, 2012.[19]  On December 19, 2012, Mr. Hayes received the hearing officer's decision finding him "not guilty" on all charges.[20]

### B. Procedural History

Mr. Hayes filed his complaint on July 9, 2013 against defendant corrections officers Basheer Bergus and Kevin McGill.[21] Defendants answered the complaint on November 26, 2014.[22]

On December 15, 2014, the Court entered an initial scheduling order.[23] The Scheduling Order prescribed the timing for the parties to serve and respond to interrogatories, document demands, and requests for admissions in accordance with Federal Rules of Civil Procedure 33, 34, and 36, respectively.[24]

Mr. Hayes served discovery demands and received defendants' responses and objections on about April 29, 2015.[25]  He complains

---

[18] (*Id.* at 7).

[19] (*Id.* at 7-8).

[20] (*Id.* at 8).

[21] (*Id.*).

[22] (D.E. 18).

[23] (D.E. 20).

[24] Id.

[25] (D.E. 31-1).

about the sufficiency of the responses.  He filed a request "for leave to file a Motion in Opposition to Defendants' Answers, Objections and Claims" on June 2, 2015.[26]  The "motion", however, did not include copies of the discovery requests or responses.[27]

The Court treated the motion as one to compel more sufficient discovery responses.  On August 20, 2015, Mr. Hayes moved for discovery sanctions.[28]  Defendants filed opposition on August 31, 2015.[29]   Mr. Hayes replied without leave from the Court on September 14, 2015[30]  though replies are not permitted on discovery disputes without first obtaining leave from the Court.[31]

On September 24, 2015, the Court entered an Opinion and Order on Mr. Hayes' motion to compel and for discovery sanctions.[32]  The motion to compel was **denied in part**,[33] and

---

[26] (D.E. 31).

[27] See (D.E. 31, 34).

[28] (D.E. 34).

[29] (D.E. 37).

[30] (D.E. 39).

[31] Local Civil Rule 7.1(d)(3).

[32] (D.E. 40).

[33] Id.

ordered that Defendants shall produce the New Jersey Department of Corrections, MD-LCP Log Book, December 4, 2012, stamped for identification as "K.HAYES.38 through K.HAYES.41" and the New Jersey Department of Corrections, Special Investigations Division, Criminal Investigation Report 2 012 -12- 04-004-NSP, stamped for identification "K.HAYES.35 through K.HAYES.37" directly to the undersigned for an *in camera* inspection and not file the document on ECF.  Defendants were further ordered to file a brief on ECF explaining why the documents are protected from disclosure as confidential under applicable law. [34]

On October 15, 2015, Defendants filed a letter brief and a declaration of Manuel A. Alfonso (Chief Investigator of the Special Investigations Division "SID") on ECF in response to the Court's Order explaining why the aforementioned documents are protected from disclosure as confidential.[35]  Oral argument was held on November 23, 2015.

I. **DISCUSSION**

   A. **§ 636, Magistrate Judge Authority**

Magistrate judges are authorized by 28 *U.S.C.* § 636(b)(1)(A) to decide any non-dispositive motion designated by the Court. This District has specified that magistrate judges

---

[34] Id.

[35] (D.E. 43).

may determine any non-dispositive pre-trial motion.[36] This District has further provided in Local Civil Rule 37.1 that discovery disputes are to be brought to the magistrate judge on an informal basis. Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[37]

B. **Fed.R.Civ.P. 26(b)(1), Liberal Policy**

The Federal Rules of Civil Procedure set forth "a liberal policy for providing discovery."[38] Federal Rule of Civil Procedure 26 defines the bounds of relevant discovery.[39] Pursuant to subparagraph (b)(1), "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party."[40] The Federal Rules of Civil Procedure "allow broad and liberal discovery."[41] Courts have interpreted the federal rules to mean that discovery encompasses "any matter that bears on or reasonably could lead to other

---

[36] L.Civ.R. 72.1(a)(1).

[37] 28 U.S.C. § 636(b)(1)(A).

[38] *Jones v. DeRosa*, 238 F.R.D. 157, 163 (D.N.J. 2006).

[39] Fed.R.Civ.P. 26.

[40] Fed.R.Civ.P. 26(b)(1).

[41] *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999).

matters that could bear on any issue that is or may be in the case."[42]

The Court has conducted an in camera inspection of Investigator Omar Howard's SID Report and of the Log Book, K.HAYES.38 through K.HAYES.41. There is, however, no longer an issue with regard to that portion of the redacted Log Book. Mr. Hayes asserted at oral argument that the referenced portion of the Log Book was never produced to him, but that he was satisfied with the copy produced at oral argument. He further stated that he wanted copies of the Log Book entries from November 26, 2012 to December 3, 2012 that reference any issues or problems with the video surveillance cameras in or about the clinic. The defense did not object.

The SID Report reviewed merely summarizes Inv. Howard's review of Officer Bergus' incident report, his brief interview of Officer Bergus, his interview of Mr. Hayes, and some additional administrative and investigative steps taken by him during and after the investigation.[43] As it is, the Report is relevant to the claims and defenses asserted in this litigation.

---

[42] *Kopacz v. Del. River and Bay Auth.*, 225 F.R.D. 494, 496 (D.N.J. 2004).

[43] The Report is marked K.HAYES.35 – 37 for identification.

Therefore, "Defendants must demonstrate to the court that their relevancy is outweighed by the specific harm that would ensue from their disclosure." *Torres v. Kuzniasz*, 936 F.Supp. 1201, 1212 (D.N.J. 1996). That burden has not been met here.

The Court understands the State's policy concerning the confidentiality of internal affairs documents. However, mere citation to that policy and broad conclusions of harm "are not sufficient to meet the defendant's burden of proving that the withheld documents are protected…" from disclosure. Id. at 1213. If it were, the policies driving civil rights legislation could be thwarted anytime state or local officials determined what evidence was discoverable in cases brought to review their actions. Id. at 1208.

The SID Report does not contain the names of any witnesses to the incident other than Mr. Hayes and Officer Bergus or even a suggestion that anyone else was contacted or interviewed for the investigation. It appears that the only basis for claiming confidentiality here is that the Report was authored by an employee assigned to an internal affairs function. The State is therefore ordered to produce the SID Report.

An appropriate Order follows.

**ORDER**

IT IS on this Monday, November 23, 2015,

1. **ORDERED** that Plaintiff's motion to compel production of the Log Book, K.HAYES.38 through K.HAYES.41 is terminated as moot; and it is further

2. **ORDERED** that Plaintiff's motion to compel production of the SID Report, K.HAYES.35 through K.HAYES.37 is granted and shall be produced by the defendants to Mr. Haye's within seven days subject to the following protective order: The SID Report shall be used solely for the purposes of this litigation, not shown or discussed with anyone outside of this litigation and shall be returned to defense counsel by Mr. Hayes promptly after the resolution of this litigation and any appeals thereof; and it is further

3. **ORDERED** that defense counsel shall send a copy of this and all Orders to Mr. Hayes to his email address [Rahimhayes50@gmail.com] until Mr. Hayes is registered to receive electronic notifications.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/23/2015 7:03:21 PM

```
Original: Clerk of the Court
cc: All parties
      File
```